IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-06-213 |
| | § | |
| DAVID RODRIGUEZ | § | |

ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

          [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

          [ ]    an offense for which the maximum sentence is life imprisonment or death.

          [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

          [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendant has committed an offense

  [ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
  () § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ] under 18 U.S.C. § 924(c).

[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]  C.  Findings of Fact [18 U.S.C. § 3142(f)(2)]

  [X] (1) Defendant is accused of conspiracy, making false statements to a firearms dealer, and dealing in firearms without a license.

  [X] (2) There is a serious risk that the defendant will flee.

  [X] (3) Defendant represents a danger to the community.

  [ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]  D.  Findings of Fact [18 U.S.C. § 3142(c)]

  [ ] (1) As a condition of release of the defendant, bond was set as follows:

  [ ] (2)

  [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

  [ ] (4)

  [X] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the indictment, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 38 year old U.S. citizen born in Mission, Texas. He has two sisters, parents, four children, and extended family living in the Houston, Texas area. His father is the co-defendant in the indictment.

2. Defendant has been employed as a Houston police officer for 15 years. Defendant has been investigated by HPD Internal Affairs Division on 43 separate internal complaints, of which 24 were sustained. He has been on administrative sanction since October 2003, and was relieved of duty as of June 15, 2006 due to the current offense.

3. Defendant has close ties to El Salvador, where his wife of four years and two children currently live. Defendant's wife was at one time in the United States on a visa. With defendant's knowledge, she overstayed her visa and remained in the United States illegally. Defendant has a U.S. passport and traveled to El Salvador at least six times since 2004. Defendant's skills as a police office make it likely that he could find employment in El Salvador in the security business.

4. Defendant is currently charged with conspiracy, making false statements to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) and (2). Defendant has a prior misdemeanor conviction for violation of the Private Security Investigation Security Act (operating without a license). The investigating agent testified that defendant has been linked to other organizations engaged in illegal firearms activity.

5. The investigating agent testified that defendant made threats against complaining witnesses in this case. At least one of those threats was a death threat.

6. Defendant has shown a pattern of retaliatory conduct against law enforcement officials and others involved in legal proceedings against him. The defendant has filed at least 17 complaints against the investigating agent and other persons involved in the investigation or prosecution of this offense, including an Assistant United States Attorney. Earlier this year, defendant was barred from the federal courthouse because of his abusive behavior towards federal marshals during a proceeding involving a relative. Defendant has also been barred from the office of the U.S. Attorney, the ATF office, and the HPD Internal Affairs Division due to harassment and aggressive behavior.

7. There is no condition or combination of conditions of release which would assure the

appearance of the defendant in court or the safety of the community. Detention is ordered.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on June 22, 2006.

_____
Stephen Wm Smith
United States Magistrate Judge